SCHEELER and wife, Appellants, vs. DEWERD and wife, Respondents.

*January 10—March 7, 1950.*

430

For the appellants there was a brief by *Sydney M. Eisenberg, Harold Harris,* and *I. B. Shapiro,* all of Milwaukee, and oral argument by *Mr. Eisenberg.* and *Mr. Harris.*

*Francis W. Rausch* of Milwaukee, for the respondents.

GEHL, J. The trial court held from the evidence adduced that the plaintiffs acquired an easement to use the well located upon the defendants' premises and to draw water therefrom, and that the defendants' ownership of their lot is subject to said easement. That part of the judgment is not questioned.

It was further held that the so-called oral agreement of June, 1941, as to the installation of the electric pump and pressure system was personal to the parties, that it did not operate to extend the terms of the granted easement and that the rights acquired by plaintiffs under the agreement constituted only a revocable license. It denied plaintiffs' prayer for judgment requiring compliance with the terms of what it considered the oral agreement.

It has been consistently held by this court that easements can only be acquired by grant or prescription, that they cannot be acquired by implication. *Frank C. Schilling Co. v. Detry,* 203 Wis. 109, 233 N. W. 635. We do not recede from nor abandon that rule. We consider, however, that we have here the question of the construction of the terms of the grant contained in the various instruments. They are ambiguous in that they do not describe the means by which water is to be taken from the well.

By the oral agreement of the owners of lots A and C and the predecessor of the owners of lot B and by their act of installation of a pump and pipes in 1941 they placed their own construction upon the terms of the easement as to the manner of taking water from the well.

"Such acts, giving a practical construction to the grant, will be deemed to express the intention of the parties, and the courts will give it the construction that the parties themselves have put upon it." 1 Thompson, Real Property (perm. ed.), p. 580, sec. 359.

The owners of lots A and C were and are entitled to the full use and reasonable enjoyment of the rights granted them by the easement.

"Every easement carries with it by implication the right, . . . of doing whatever is reasonably necessary for the full enjoyment of the easement itself." 28 C. J. S., Easements, p. 754, sec. 76.

". . . it is an established principle that the unrestricted grant of an easement gives the grantee all such rights as are incident or necessary to the reasonable and proper enjoyment of the easement." 17 Am. Jur., Easements, p. 994, sec. 96.

Certainly, the full and proper enjoyment of the easement in this case contemplates the use of the well with facilities adapted to its use in connection with modern plumbing equipment. The parties themselves recognized this when they abandoned the old-fashioned hand pump.

This is not a case of the creation of a new right, or the extension of the terms of the easement. As we have pointed out, it is one of construction of the ambiguous terms of the grant.

*By the Court.*—Judgment reversed.

BROADFOOT, J. (*dissenting*). At the time plaintiffs purchased lot C they acquired an easement to use the well on lot B, with the right of ingress and egress. The easement was exercised by drawing water from the well by a hand pump. The defendants' predecessors in title and the defendants themselves took title to lot B subject to this easement. The installation of the electric pump and pressure tank in the basement of the dwelling on lot B, and the laying of the pipes needed for the operation thereof and to convey the water to lot C,

with the right to maintain the same, was done pursuant to a new agreement, not in writing, and certainly created an added burden upon the servient lot. The decision in this case purports to recognize the rule that easements can only be acquired in this state by grant or prescription. In my opinion the rule should be strictly adhered to. It is not difficult to draft proper instruments creating or reserving easements. To relax our established rule and to permit parties to claim substantial rights under oral agreements can only lead to disputes and litigation.

I am authorized to state that Mr. Justice FAIRCHILD and Mr. Justice BROWN join in this dissent.